IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
<u>TAMPA DIVISION</u>

| | |
|---|---|
| SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, RAYMOND WILLIAMS, individually and on behalf of others similarly situated, | ) CASE NO.: <br> ) <br> ) 8.02CV2023-T-26 TGW <br> ) <br> ) |
| Plaintiff, | ) |
| vs. | ) |
| LAKE COUNTY BOARD OF COUNTY COMMISSIONERS | ) ) ) |
| Defendant. | ) |

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiffs, SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, and RAYMOND WILLIAMS, individually and on behalf of others similarly situated, pursuant to the Fair Labor Standards Act of 1938, and amended, 29 U.S.C. § 201 et seq., and sues Defendant, LAKE COUNTY BOARD OF COUNTY COMMISSIONERS, hereinafter referred to as "LAKE COUNTY" and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343(4).

2. Venue lies within the Middle District of Florida pursuant to 28 U.S.C. 1391 (b) because a substantial part of the events giving rise to this claim arose in this Judicial District.

**PARTIES**

3. Plaintiffs, SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, and RAYMOND WILLIAMS, reside in the middle district of Florida.

Plaintiffs bring this action on behalf of themselves and other employees similarly situated.

4. Defendant, LAKE COUNTY, is a Political Subdivision of the State of Florida. At all times material, Defendant, LAKE COUNTY, was an employer as defined by §203 of the Act.

## COUNT I

5. Plaintiffs reallege paragraphs one through four as though set forth fully herein.

6. Plaintiffs, SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, and RAYMOND WILLIAMS, are employed by Defendant, LAKE COUNTY, as Forensic Investigators for the District V Medical Examiners Department.

7. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiffs routinely worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiffs at the rate of time and one-half for the excess hours worked.

8. Defendant's failure to pay Plaintiffs the required overtime pay was intentional and willful.

9. As a direct and legal consequence of Defendant's unlawful acts, Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs, SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, and RAYMOND WILLIAMS respectfully request all legal and equitable relief allowed by law including judgment against Defendant, LAKE COUNTY, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the court may deem just and proper.

## COUNT II

10. Plaintiffs reallege paragraphs one through four as though set forth fully herein.

11. At all times material, Defendant, LAKE COUNTY, employed individuals under a purported salary basis. Such individuals were similarly situated to Plaintiffs, SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, and RAYMOND WILLIAMS with respect to the terms and conditions of their employment.

12. Throughout their respective employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

13. At all times material, Defendant, LAKE COUNTY, failed to comply with 29 U.S.C. §201 et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of times and one-half for the excess hours worked.

14. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

15. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs, SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, and RAYMOND WILLIAMS, on behalf of individuals similarly situated, respectfully request all legal and equitable relief allowed by law including judgment against Defendant, LAKE COUNTY BOARD OF COUNTY COMMISSIONERS, for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

### COUNT III - Retaliation
### (Fair Labor Standard Act)

16. Plaintiffs reallege paragraphs one through four as if fully set forth herein.

17. After Plaintiffs complained about Defendants failure to pay overtime Plaintiffs have been harassed by threats to their employment and elimination of tangible job benefits.

18. The above described conduct constitutes retaliation in violation of the Fair Labor Standards Act.

19. As a result of all the retaliatory actions of Defendant, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress, and humiliation. These losses are permanent or intermittent and will continue into the future.

20. As a result of Defendant's unlawful acts against Plaintiff, they will continue to incur attorney's fees and costs.

WHEREFORE, Plaintiffs, SHANNON IMPETT, MICHAEL MORAN, JAMES DAILEY, CHRISTOPHER YOUNG, and RAYMOND WILLIAMS, demand a trial by jury against Defendant for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

FLORIN, ROEBIG & WALKER, P.A.

WOLFGANG M. FLORIN, ESQ.
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorney for Plaintiff
FL BAR No.: 907804
Dated: 11/1/02